# EXHIBIT 3

# Bern Decl. and Oliver-Arter Article

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
IN RE *EX PARTE* APPLICATION OF TRACEY AMON
FOR AN ORDER TO OBTAIN DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS

Case No.: 2022-CV-10251-RA-RWL

Applicant.
-----------------------------------------------------------------x

## DECLARATION OF JÜRGEN BRÖNNIMANN

I, Jürgen Brönnimann, declare under penalty of perjury under the laws of the United States, as follows:

1. I am a Swiss attorney and admitted to practice law before the courts of the Canton of Bern in Thun, Switzerland. I have represented Tracey Amon in a proceeding commenced by her in the Bernese Oberland Court in Thun, Switzerland ("Bern Court") including an action of reduction against the estate of her deceased husband, the late Maurice Alain Amon ("Decedent").

2. Decedent passed on July 26, 2019, after having commenced a divorce action in the Principality of Monaco, but before the divorce was concluded. Pursuant to a will executed under Swiss law, Decedent included a clause aimed to disinherit Ms. Amon in favor of certain beneficiaries including his attorney and now the executor Silvio Venturi, Decedent's son, Albert Maximillian Amon ("Albert Amon"), and others.

3. On February 3, 2020, Ms. Amon filed a request for conciliation; and on September 14, 2020, Ms. Amon brought an action against at least Mr. Venturi and Decedent's heir Albert Amon under docket number CIV 20 2324 in the Bern Court. In that action, Ms. Amon seeks to invalidate the disinheritance clause and to liquidate matrimonial assets. Under Swiss law, Ms. Amon is entitled to seek information as a virtual heir of the estate concerning matrimonial assets despite being subjected to an invalid disinheritance clause as long it was contested within 12 months, which she did. *See, e.g.*, Exhibit 1, O. Alter, "Exchange Rights in Earnings," *Expert Focus*, at 739-41 (October 2020). This includes information relating to entities solely owned by Decedent such as Artmon Limited (BVI), which until Decedent's passing was solely owned by him, and used by him as a vehicle to purchase and sell art as an art collector.

4. Ms. Amon is demonstrating to the Bern Court that the couple's contemporaneous domicile during marriage years 2008-2015 was Gstaad, in Switzerland, which will result in equitable distribution to Ms. Amon under Swiss law. Incident to this determination is the proper size of the marital estate acquired during marriage years. It is believed that Decedent has more assets than Decedent set forth in his will. While requests concerning marital assets are proper in Switzerland in a case of this nature, Decedent's estate has resisted production of relevant materials. Ms. Amon believes that Christie's is in possession of some of these materials and has

1

so far as we understand refused their production. That refusal cannot be justified under Swiss law, or under American federal court law after a subpoena has been issued.

Executed on this 15th day of May 2023 in Bern, Switzerland

_____
Jürgen Brönnimann

DeepL — Subscribe to DeepL Pro to edit this document. Visit www.DeepL.com/Pro for more information.

SWISSLEXUser-ID: thomas.meyer, 09.10.2020 08:21:50

| | |
|---|---|
| Document | EF 10/20 P. 739 |
| Author(s) | Oliver Arter |
| Title | EXCHANGE RIGHTS IN RESPECT OF EARNINGS |
| Pages | 739-741 |
| Publication | Expert Focus |
| Publisher | EXPERTsuisse |
| ISSN | 0036-746X |
| Maison d'edition | EXPERTsuisse |

EF **10/20 P. 739**



OLIVER ARTER, LIC. IUR. HSG, TEP, ATTORNEY, CONSULTANT, FRORIEP LEGAL AG, OARTER@FRORIEP.CH

## EXCHANGE RIGHTS IN EARNINGS

### Under which conditions heirs and third parties are obliged to provide information

On May 6, 2020, the Federal Supreme Court dealt with the information rights of an executor with regard to a trust1. This will be taken as an opportunity to take an overview of the
To present the rights of heirs to information, in particular against third parties.

### 1. RIGHTS OF INFORMATION BETWEEN HEIRS

Heirs who are in possession of inherited property or are debtors of the deceased are
The heirs are obliged by law, from the moment of the opening of the inheritance, to provide the co-heirs with precise information about this2. In addition, heirs are required by law to inform each other about their relationship to the deceased of everything that must be taken into account for the equal and fair distribution of the inheritance3.
The latter provision supplements the former with the aspect of personal relationships between the heirs and the testator4.

---

1 Federal Court, judgment of May 6, 2020, 5A 30/2020.
2 Art. 607 para. 3 ZGB; BasK-ZGB 11-Schaufelberger P./Keller Luscher K., N 11 to Art. 607 ZGB.
3 Art. 610 para. 2 CC; Federal Supreme Court, judgment of July 3, 2003, SC. 14/2003. E. 2.1.
4 Arter O./Walter S., Court of Cassation of the Canton of Zurich, Circulation Decision of April 12, 2012, Cass. No. AA 100129

P/U/ys, AJP 2013/7. p 1103 ff. P.1114; BGE 127 111 396 et seq., 402 E. 3.

The duties to provide information under inheritance law establish, on the one hand, a right to information of each individual legal or appointed heir vis-à-vis the other heirs and, on the other hand, a duty of each other Erben Auskunft to give5.

Provisional heirs who still have the option of disclaiming their inheritance are also entitled to and obliged to provide information6. Also sag. "virtual heirs", i.e. heirs who have passed over the compulsory portion, may assert the rights to information under inheritance law, but only as long as the time limit for filing an action for reduction has not yet expired7. No rights to information under inheritance law are entitled to bequeathers.

The heirs' interest in information is protected in a comprehensive sense9 and comprises all information and documents which, when viewed objectively, appear suitable for determining the estate and influencing the division1O. The heirs' right to information against co-heirs refers to

The inheritance obligation relates to all gifts made by the testator during his lifetime and includes, in particular, all gifts that are subject to equalization or reduction11. In addition, co-heirs are obliged to To preserve the right to inspect files12_

In practice, this means that the heirs must provide information about, for example, gifts or mixed gifts made by the deceased during his lifetime, advance payments on the inheritance share, loans or other agreements with the deceased that could influence the inheritance share, and the corresponding

The heirs are obliged to disclose documents such as contracts, gift tax deeds, tax declarations or bank records1. The heirs' duty to disclose is not limited to their own gifts received during their lifetime.

but the co-heirs must also inform each other of what they know about gifts made by the deceased to other heirs or third parties14.

## 2. INFORMATION RIGHTS OF HEIRS AGAINST THIRD PARTIES

Heirs have two basic options for obtaining information from third parties about the decedent's financial assets. A distinction is made between *inheritance* rights and *inherited contractual* rights to information.

## 3. CLAIMS FOR INFORMATION UNDER INHERITANCE LAW AGAINST THIRD PARTIES

**3.1 General.** As early as March 19, 1963, the Federal Supreme Court ruled that a bank cannot invoke *bank-client confidentiality* vis-à-vis the heirs of its clients15. A little more than a year later, on September 24, 1964, the Federal Supreme Court ruled that an *executor,* who was at the same time a member of the board of trustees of a Liechtenstein family foundation established by the decedent, to and to grant access to files with regard to the foundation assets, even though these were not part of the estate of the testator/founder16. In this regard, the Federal Supreme Court stated that the heirs of the executor shall be given access to those files dOr-

---

5 Leu D., Auskunftsrechte von Erben wirtschaftlich Berechtigter de lege lata und de lege ferenda, successio 2017/4, pp. 270 ff, p. 275.

6 For disclaimer, see Art. 566 ff. CC. Wolf, S., in: Wolf S./Eggel M., Berner Kommentar, Die Teilung der Erbschaft, Art. 602-619 ZGB, Bern 2014, N 25 and N 28 on Art. 610 ZGB.

7 Cf. Arter 0., Swiss Federal Supreme Court, I. Civil Division, judgment of 22 March 2012, BGer 4A 458/2011, BGE 138 III 354, with comments by Oliver Arter, AJP 2012/3, pp. 458 ff, 462 ff; Jakob D./Dardel D., Der Schutz des virtuellen Erben, AJP 4/2014. p. 462 ff.. P. 472 f.

8 Schroder A., Informationspflichten im Erbrecht, Basel 2000, p. 202.

9 BasK-ZGB 11-Schaufelberger P./Keller LOscher K., N 18 to Art. 610 ZGB.

10 BGE 127 III 396 ff. 402 E. 3.

11 Federal Supreme Court, judgment of January 11, 2016, 5A 994/2014. E. 5.

12 BGE 90 II 365. 372 ff E. 3.

13 BasK-ZGB 11-Schaufelberger P./Keller LOscher K., N 18 to Art. 610 ZGB.

14 Cf. H on the case law Dorjee-Good A./Dardel D., Neue (Un-)Klarheiten zur Auskunftspflicht der Banken gegenOber Erben, successio 2020/2, pp. 170 ff, p. 173.

15 BGE 89 II 87 ff. 93 E. 6.

16 BGE 90 II 365 et seq. 373 f E. 3 c.

EF **10/20** P. **739, 740**

fen, which relate to gifts made by the decedent inter vivos, whether to individual heirs or to Dritte,
if these benefits were subject to compensation or reduction17. According to the Federal Supreme Court, this would also include donations to the family foundation18.

Further, the Federal Court stated at that time that the family foundation does not participate in the inheritance and that
The heirs themselves could not therefore be obliged to provide information and submit files to the heirs19. For a long time, therefore, it remained a matter of dispute whether heirs could also assert inheritance rights against third parties.

The data subject is entitled to information rights or not, and if so, on what legal basis these are to be asserted.

A ruling by the Federal Supreme Court on May 2, 2006 brought clarity in this regard, and since then the rule has been constant,
that heirs, in analogy to Art. 607 para. 3 CC and Art. 610 para. 2 CC, are entitled to rights of information under inheritance law vis-à-vis third parties, in particular banks20. In this context, third parties are entitled to
are obliged to provide information if they are *connected to* the heirs under *inheritance law*, e.g. as the recipient of a gift with regard to a possible action for reduction21. Furthermore, there are rights of disclosure to third parties if they are *owners of the* estate22. Whether heirs are also trustees or foundations

The right to information under inheritance law has long been disputed, and in any case difficult to enforce in practice, because trusts and foundations are not entitled to information under the applicable trust or foundation law.

The Federal Court of Justice has ruled that the foundation authorities are often obliged to maintain secrecy and will only provide information on the basis of a judicial ruling23. However, on the basis of the current case law of the Federal Supreme Court, it can be assumed that the

It can be assumed that Swiss courts would also grant heirs inheritance rights of trustees or foundations, provided that the information requested is necessary to safeguard inheritance rights

claims, e.g. for the calculation and assertion of equalization claims or claims to a compulsory portion24.

**3.2 Heirs of "beneficial owners" in particular.** In practice, rights to information are often asserted against Swiss banks, especially when an account or custody account is held by a foreign trustee or a foreign foundation. For a long time, it was not clear in court whether Swiss inheritance law conveys a right to information under inheritance law if the holder of a bank account was, for example, a trust or a foundation and the

heir of a "beneficial owner" requested information from the bank holding the account for the trust or foundation25. The most recent case law of the Federal Supreme Court affirms an *inheritance law,* but not an

The Bank has a contractual duty to provide information, and is obliged to provide information about the assets that could potentially be part of the estate, even if they are assets to which the decedent was only beneficially entitled26. Not

it is conclusively clarified what is to be understood by the term "beneficial owner" in the context of the assertion of information rights under inheritance law.

---

[17] BGE 90 II 365 ff. 373 f. E. 3 c.

[18] BGE 90 II 365 ff. 373 f. E. 3 c.

[19] BGE 90 II 365 ff. 374 f. E. 3 d.

[20] BGE 132 III 677 et seq. 687 E. 4.2.4.

[21] BGE 132 III 677 ff. 687 E. 4.2.4.

[22] BGE 132 III 677 et seq. 687 E. 4.2.4.

[23] Zurn Ganze Piotet D., Les fondements du droit a l'information successoral a charge de tiers non successeurs, Not@lex 2012/3, p. 78 ff; *Bretton-Chevallier* C./Notter M., La banque face aux demandes de renseignements des heritiers -Aspects contractuels, successoraux et de droit international prive, Not@lex 2011/4 p. 121 ff; *Weingart* C., Anerkennung von Trusts und trustrechtlichen Entscheidungen im internationalen Verhaltnis - unter besonderer Berücksichtigung schweizerischen Erb- und Familienrecht, Zurich 2010, 121 *et seq*; Eitel P./Brauchli S., Trusts in the Application Area of Swiss Inheritance Law, successio 2012/2, pp. 116 ff., p. 145 ff; Goksu T., Information rights of heirs, AJP 2012/7, 953 ff; Breitschmid P/Matt I., Informationsansprüche der Erben und ihre Durchsetzung, Insbesondere Informationsansprüche gegen Banken über ihre Geschäftsbeziehung mit dem Erdeasser, successio 2010/2, 85 ff; DifferenzierendArter/Walter (Fn. 4), p. 1115.

[24] Cf. in detail Weingart (footnote 23), p. 147 ff.

[25] Hamm M./Yara Brusa Y., Information Rights of Heirs of Beneficial Owners vis-à-vis Swiss Banks?, in ST 2013/1-2, 67 ff; Arter/Walter (footnote 4), p. 1115.

[26] Bundesgericht,t judgment of May 6, 2020, 5A 30/2020 E. 3.2; BGE 138 III 728 et seq. 735 E. 3.5; Bundesgericht,t judgment of April 2, 2014, 5A 947/2013 E. 3.3.4.1 and E. 3.3.4.2; Bundesgericht,t judgment of September 13, 2009, 5A 638/2009, E. 4.1.

Property law does not recognize economic ownership27. The Federal Supreme Court understands the
The term "beneficial owner" refers to the person "who has the actual power to control the assets, i.e. who owns them from an economic point of view28". In this context, "the allocation of assets must be based on economic considerations."29 "Formal legal constructions" are meaningless30.
The beneficial owner of bank accounts of trusts or foundations is therefore the person who either

1) Owner of the trustee or the foundation is

2) legally or factually controls the trustee or the foundation,

3) on whose instruction and for whose account the trustee or the foundation carries out transactions,

or who is the beneficiary of the enjoyment of the assets held by the contracting party.

1) or

2) to come so11_31
On the other hand, the beneficial owner is not the person to whom assets could merely be assigned32.
In the case of a revocable trust or foundation, the effective settlor is to be regarded as the beneficial owner33. Beneficiaries who do not have a fixed entitlement to distributions from a trust or foundation (so-called discretionary beneficiaries) 34 are not beneficiaries

**3.3 Identity of third parties to whom assets have been transferred.** According to the case law of the Federal Supreme Court, heirs also have a right to information under inheritance law regarding the identity of third parties. to which assets have been transferred or assigned and in respect of which they have become owners or beneficial owners3S-:

**3.4 International Relations.** In international relations, the existence and scope of rights to information under inheritance law are determined by the applicable law of succession36. If an estate is subject to foreign law of succession, all claims to information under the law of succession are also subject to this law37. The
The foreign law of succession also determines whether rights to information can be asserted jointly by the community of heirs or individually by each heir38.

# 4. CONTRACTUAL CLAIMS FOR INFORMATION AGAINST THIRD PARTIES

**4.1 Overview.** Heirs acquire the inheritance "as a whole."39 In accordance with the nature of universal succession, not only all rights to property are included, but also contractual claims to information, insofar as they do not concern the decedent's most personal rights. If a

EF 10/20 P. 739, 741

If a third party is obliged to provide information in relation to a contract with the testator, it is obliged to do so after the death of the testator with regard to the heirs, and in fact with regard to each heir individually40. In the case of banks, there are rights to information
not only with regard to account and deposit relationships of the decedent, but also Ober stattgefundene

---

27 Federal Supreme Court, judgment of January 17, 2011, 5A 732/2010. e. 3

28 BGE 125 IV 139. 143.

29 BGE 125 IV 139 143

30 BGE 125 IV 139 143.

31 Arter O., Trusts and Banking Relationships - Who is the "Beneficial Owner"?, AJP 2012/4. p. 506 et seq.

32 Arter O. (footnote 31}, p. 506 ff.

33 Meuwly M., Revision GwG - Beratende Anwalte im Visier des Regulators, Anwaltsrevue 2020/1. p 7 ff., 10.

34 Arter O. (footnote 31), p. 506 ff.

35 Federal Supreme Court, judgment of July 18, 2019, 4A 522/20 18. E. 4.3.

36 Art. 91 para. 1 IPRG; Art. 92 para. 1 IPRG; Federal Supreme Court, judgment of 13 September 2010, SA 638/2009. E. 4.2.

37 Federal Supreme Court. Judgment of September 13, 2010, SA 638/2009. E. 4.2 et seq.

38 BasK-Schnyder/Liatowitsch, N 5 to Art. 92 IPRG.

39 Art. 560 para. 1 ZGB; BGer. Judgment of July 3, 2003, 5C 14/2003. E. 2.1.

40 BGE 74 1485 et seq., 490 E. 1b; BGE 89 II 87 ff. 93 E. 6.

Customer contacts, telephone conversations as well as written documentation created in this context, such as customer profiles, file notes or investment objectives41 _

According to the case law of the Federal Supreme Court, the following also applies

"There is a contractual relationship between the account-keeping bank and the depositor where the latter is not acting on the instructions of the beneficiary. A contractual relationship between the depositor and the bank must be assumed all the more if the account holder is not being credited in fulfillment of a debt obligation but on his own initiative. If, in such cases, the bank undertakes by accepting the money to use it in accordance with the instructions of the payer, it is obliged to provide the payer with only the information required by the payer. transaction in question "42.

For this reason, heirs can request information from banks about payment transactions, even if they were not made to an account of the deceased.

**4.2 New restriction of the right to information under contract law.** According to the latest case law of the Federal Supreme Court, a contractual right to information of the heir can only be asserted against third parties if the heir has an inheritance interest in the information.

The court may also decide whether the debtor is able to credibly demonstrate the surrender of the corresponding assets, whether with a view to an action for reduction or inheritance or in the context of an action for equalization and partition43. In how

The extent to which this ruling will stand in the future is not yet foreseeable. According to the view expressed here, heirs take on the legal position of the testator, which is why they must be provided with the same information as that which the testator could have requested. Only highly personal information is not to be disclosed to the heirs.

**4.3 Competition between rights to information under inheritance law and rights to information under contract law.** In a ruling of July 18, 2019, the Federal Supreme Court stated that the contractual right to information and the right to information under inheritance law are in competition with each other. Thus, insofar as the above requirements are met, both contractual and inheritance law information claims can be asserted44_.

# 5. CONCLUSION

In practice, the assertion of information rights by heirs against third parties is associated with many difficulties and is usually very time-consuming. Nevertheless, case law is reasonably information-friendly and information can often be successfully obtained from banks, even if the decedent was only the beneficial owner of the assets.

With the planned revision of the law of succession, further clarity is to be created. It is envisaged that a new Art. 601a of the Swiss Civil Code will be created, which will read as follows:

1 "Whoever may assert a claim under inheritance law shall be entitled, after the death of the decedent, to obtain from legal successors and third parties who managed, owned or received assets of the decedent, Information necessary to determine the extent of his claim.

2 This right to information exists as long as the claim exists.

3 Heirs entitled to a compulsory portion may not be deprived of the right to information by a testamentary disposition; professional secrecy may not be invoked against those entitled to information. »

The preliminary draft and the explanatory report on the amendment of the Civil Code (Inheritance Law) specify that the group of persons entitled to information includes both the beneficiaries of the compulsory portion and the statutory or appointed heir s who are not entitled to the compulsory as well as th e heirs and the The legatees who are listed in a deed of deed or who are excluded from the inheritance by such a deed shall include soll45. The obligation to provide information soil

tor all third parties who managed, owned or received assets (in the broader sense) of the decedent, including banks, asset managers and trustees, shall apply, and assets to which

---

41  Federal Supreme Court, judgment *of* October 15, 2009. SA 171/2009, E. 3.5 as well as Federal Supreme Court, judgment of April 17, 2012, 4A 688/2011, with comments *van* Arter O./Dahortsang T., AJP 2012/8 p. 1154 ff. p. 1159.

42  BGE 133 III 664 ff 667 f. E. 2.6.

43  Federal Supreme Court, judgment *of* July 18, 2019, 4A 522/2018. E. 4.3; Dorjee-Good/Dardel (fn. 14), p. 174.

44  Federal Supreme Court, judgment of July 18, 2019, 4A 522/2018. E. 4.5.1.

45  Bundesamt fur Justiz, Vorentwurf und erlauternder Bericht zur Anderung des Zivilgesetzbuchs (Erbrecht), 4. Marz 2016, 42.

to which the testator was merely the beneficial owner46. Likewise, assets,

which the testator has transferred to a trust or foundation, in particular in the capacity of settlor, may also be covered by the duty to provide information47. Only third parties are not covered by the duty to provide information,

who are exclusively in possession *of information but* have not administered, possessed or received assets of the decedent; however, a contractual right to information may exist under certain circumstances48.

---

46  Federal Office of Justice (footnote 45), 42.
47  Federal Office of Justice (footnote 45), 42.
48  Federal Office of Justice (footnote 45), 42.