womblebonddickinson.com




Womble Bond Dickinson (US) LLP

950 Third Avenue
Suite 2400
New York, NY 10022

t: 332.258.8400
f: 332.258.8949

June 23, 2023

**Via ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

**Re:** ***In re Application of Tracey Amon*** **(1:22-cv-10251-RA-RWL)**

Dear Judge Lehrburger:

On behalf of Christie's Inc. ("Christie's"), please accept this submission in response to the letter of June 16, 2023 submitted by Kevin Murphy, Esq., on behalf of Tracey Amon ("Movant") seeking to expand the scope of the subpoena served on Christie's (the "Subpoena"). Movant's letter makes four main arguments, all of which are fatally flawed.

1. First, Movant mischaracterizes the status of the estate probate proceedings concerning Maurice Alain Amon ("Decedent") in Switzerland, arguing that the Cantonal Supreme Court of Bern (the "Bern Court") has not validated Movant's disinheritance. Movant's tortured conclusion rests on the incorrect premise that the judgment of the Swiss Federal Supreme Court ("Federal Court") on an unrelated issue amounted to a reversal of the Bern Court's ruling.

Specifically, as explained in the previously submitted affidavit of Stephane Lagonico, a Swiss lawyer, the January 14, 2020 ruling of the Bern Court ("Bern Court Decision I") held that the Movant had made "unfounded criminal complaints" which is a basis for disinheriting a spouse under Swiss law. Mr. Lagonico stated that upon these facts, the Bern Court held that the "plaintiff's exoneration [disinheritance] has been rendered likely valid." The fact that the Movant retained the right to challenge the validity of Decedent's will does not change this result.

The Federal Court's decision of February 2, 2022 did not reverse the above finding of the Bern Court but instead focused exclusively on the *domicile issue*: it states in substance that the Swiss *Juge de paix* of Lausanne (the first judge) and the Cantonal Court of the State of Vaud (the second judge) held that the domicile was indeed in Monaco, but that an additional factual investigation was necessary. The case was sent back to the *juge de paix* who asked the parties (on June 20, 2022) to provide any additional "appropriate documents" to clarify the domicile issue. The parties provided their additional documents by October 31, 2022 (on behalf of Decedent) and January 23, 2023 (by Movant), and the domicile issue is *sub judice* in Switzerland. Nothing in that Federal Court decision modified the Bern Court Decision I concerning Movant's disinheritance.

<u>The Federal Court did not rule on the disinheritance clause</u> and therefore could not have superseded the Bern Court Decision I, which squarely addressed this issue. The latter is in full force and



has not been challenged. Indeed, Mr. Brönnimann does not assert that the disinheritance finding has been reversed. Although the Bern Court Decision I was rendered in the context of interim measures, that court was required to make a *prima facie* assessment of the chances of success on the merits (i.e., the validity of Movant's disinheritance), which is precisely what the court did (see decision, para. 12).

2. Second, Movant reasserts that her potential status as an heir gives her the present right to obtain discovery of the estate's or Artmon, Ltd.'s private affairs. Of course, for Movant to be deemed an heir with full discovery rights, she must first succeed on her claim to overturn the finding that her disinheritance by the Decedent was valid. Without a final ruling by the Swiss courts to that effect, Movant is not an heir and has no right to discovery.

Furthermore, in its decision of January 27, 2022 ("Bern Court Decision II"), the Bern Court directly addressed whether Movant is entitled to discovery, as the judge decided to review Mr. Brönnimann's request for an inventory of assets and other information as a stand-alone request (see decision, item 7.2.1). The decision is clear (see 7.2.3): Movant has no such right unless and until she gets a final judgment nullifying the disinheritance clause in Decedent's will. Again, despite Movant's claims to the contrary, the Bern Court Decision II was not superseded by the Federal Court decision, which concerned independent proceedings on unrelated issues: the first one in Lausanne / Vaud on Decedent's domicile and the competence of the Juge de Paix; the other one on interim measures in the Canton of Bern. Had the Bern Court Decision II been superseded, Movant would have received the requested information (that was not the case), or would have filed a new request in Switzerland (that was not the case either).

Movant's contention that this Court should disregard the Monaco court decision, which also denied discovery to Movant, is without merit. The Monaco court has jurisdiction to rule on this issue and on all issues regarding the estate since the Decedent was a domiciliary of Monaco as confirmed by the court in its recent May 4, 2023 decision. As noted above, the issue of Decedent's domicile is *sub judice* in Switzerland.

3. Third, Movant incorrectly asserts that the affidavit of Swiss lawyer, Stephane Lagonico, is not reliable because he did not appear in these proceedings when invited to do so in November 2022. Contrary to Movant's assertion, Mr. Lagonico's recent involvement – through his affidavit which Christie's annexed to its prior submission – is not for purposes of intervening on behalf of Decedent. Rather, Mr. Lagonico provided an expert affidavit as to the status of the Swiss proceedings to aid this Court on behalf of Christie's. His affidavit shows why Movant's request to have the Subpoena expanded to include a search for the whereabouts of assets of the estate is not permitted under Swiss law and would violate Swiss and Monaco public policy to protect the privacy of residents and their estates and third parties.

4. Finally, the letter conflates third-party Artmon, Ltd. with the Decedent based upon a 2015 declaration by the Decedent. Movant entirely ignores the well-established facts that: (1) Artmon, Ltd., is an independent entity with its own board of directors; and (2) Artmon, Ltd., is not a party to these proceedings. Furthermore, as Artmon, Ltd. is also a Christie's client, Christie's has a compelling interest in maintaining the confidentiality of this relationship.



It is respectfully requested that Movant's attempt to expand the application of the Subpoena to Christie's be denied in all respects. Thank you for your consideration.

Respectfully submitted,

Joseph A. Patella