```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re Ex Parte Application of Tracey Amon for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings.

22-CV-10251 (RA) (RWL)

**ORDER**

---

On December 13, 2022, this Court granted the ex parte application of Tracey Amon ("Petitioner") for an order pursuant to 28 U.S.C. § 1782 authorizing issuance of a subpoena (the "Subpoena") to Christie's, Inc. to obtain documents for use in foreign proceedings concerning Petitioner's challenge to the will of her ex-husband (the "Decedent"). (Dkt. 10.) The Subpoena sought documents "concerning communications, including consignment agreements and any sales documents executed between Christie's and [Decedent], or any representative of Decedent's estate from January 1, 2015 to the present." (Dkts. 1-4.)

On May 23, 2023, Petitioner filed a letter motion to compel Christie's to produce, pursuant to the subpoena, communications about various works of art that belonged to a corporate entity, Artmon Limited ("Artmon"), formed by the Decedent. (Dkt. 11.) Christie's apparently is willing to provide responsive information about its dealings with the Decedent but not with Artmon, who, Christie's argues, is neither the Decedent nor a representative of Decedent.[1] (Dkt. 14 at 3 and Ex. 5.) Christie's thus has not challenged the propriety of the issuance of the subpoena but rather the scope of the subpoena as

---

[1] Petitioner argues that Artmon was the alter ego of the Decedent.

1

construed by Petitioner.

Most of Petitioner and Christie's arguments focus on their disagreement about the import of multiple legal decisions rendered in Switzerland and Monaco concerning whether Petitioner was legally disinherited by Decedent and whether, in the context of the ongoing legal proceedings in Europe, she has the right to information about assets from the Decedent's estate.  (*See* Dkts. 11, 14, 18, 19.)  But that is not the issue as the Court already has granted the motion to grant the Subpoena, and Christie's did not challenge its propriety.

Rather, the issue is whether the subpoena as worded and authorized by the Court includes communications concerning dealings between Christie's and Artmon wherein Decedent is involved in the "dealings."  A reasonable interpretation of the Subpoena's single request for documents is that it encompasses communications concerning transactions with Artmon, so long as Decedent was involved.[2]  Accordingly, the motion to compel is GRANTED.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  June 26, 2023
        New York, New York

---

[2] *See, e.g.*, Black's Law Dictionary (11th ed. 2019) (defining "dealing" as "[t]he business activities or relationships that someone is involved in"); Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/dealing (defining "dealings" as "business interactions"); Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/dealings (defining "dealings" as "activities involving other people, especially in business").